IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD L. BLANCHARD,
    Plaintiff

vs.

FEDERAL BUREAU of PRISONS, *et al.*,
    Defendants

CIVIL NO. 1:CV-10-1606

(Judge Caldwell)

*M E M O R A N D U M*

I.     *Introduction*

Plaintiff, Richard Blanchard, a federal prisoner housed at USP-Allenwood, White Deer, Pennsylvania, has filed a pro se civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). He has also filed an application to proceed in forma pauperis. Named as defendants are the Federal Bureau of Prisons (BOP), and the following individuals employed by the BOP at USP-Allenwood: Tanner; Sones; Reed; Ross; Wall; Hoffa; S. Dodrill; H. Watts; and Yocum.

The Complaint is before the court for screening pursuant to 28 U.S.C. § 1915. The Court will grant Blanchard's request to proceed in forma pauperis and direct him to file an amended complaint identifying the individuals he wishes to sue; state with specificity what actions they took to violate his constitutional rights; and what, if any, actual injury he suffered as a result of each defendant's actions.

II.	*Background*

On August 3, 2010, Blanchard filed a complaint (doc. 1), alleging that defendants for the past several years have delayed or tampered with his mail. (Doc. 1). Tanner is alleged to have withheld, or allowed, Blanchard's mail to be withheld for period of two days while hie was in the Special Housing Unit (SHU) on July 29, 2008. On September 25, 2008, CO Sones is alleged to have taken Plaintiff's legal mail and failed to return his certified mail receipt to him. Officers Reed and Ross are claimed also to have delayed his outgoing and incoming mail on an unspecified date. *Id.* Walls is alleged to have ignored Blanchard's instructions and posted his mail late. *Id.* Hoffa is alleged to have mailed Blanchard's certified mail "late." *Id.* Dodrill and Watts did not take any remedial action to halt the tampering with Blanchard's mail. *Id.* Yocum, the mail room supervisor, refused to give Blanchard any information as to why his certified mail was delayed two days. *Id.*

III.	*Standard of Review*

A complaint filed in forma pauperis may be dismissed if it is determined that the action is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). The court must accept as true the factual allegations in the complaint and construe any inferences to be drawn from the allegations in the plaintiff's favor. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), giving the defendant "fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200, 167

L.Ed.2d 1081 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007)).  Although detailed factual allegations are not required, *Twombly*, 550 U.S. at 93, 127 S.Ct. at 2200, the complaint has to plead "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570, 127 S.Ct. at 1974.  "[M]ore than labels and conclusions" are required. Id. at 555, 127 S.Ct. at 1964-65.

Pro se pleadings are held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson, supra*, 551 U.S. at 94, 127 S.Ct. at 2200.  Pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

IV.        *Discussion*

        A.    *Failure to state an Access-to-the-Courts Claim Against Tanner, Sones, Reed, Ross, Walls, Hoffa, Dodrill, Watts and Yocum.*

Prisoners have a constitutional right of access to the courts.  *See Lewis v. Casey*, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177, 135 L.Ed.2d 606 (1996); *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977).  However, when an inmate does not allege an actual injury to his ability to litigate a claim, his constitutional right of access to the courts has not been violated.  *See Lewis*, 518 U.S. at 352-53, 116 S.Ct. at 2180-2181.  An actual injury is shown only where a nonfrivolous, arguable claim is lost. *See Christopher v. Harbury*, 536 U.S. 403, 415, 122 S.Ct. 2179, 2186-2187, 153 L.Ed.2d 413 (2002).

In its present form, Blanchard's access-to-the-courts claim fails.  Plaintiff fails to allege that he sustained any actual injury as a result of the defendants' action. See Lewis, 518 U.S. at 349, 116 S.Ct. at 2179 (requiring a claimant to show actual injury by

the alleged denial of access). Throughout his complaint he claims defendants have delayed the posting of his mail and legal mail but he does not assert he suffered actual injury to a pending or contemplated legal claim as a result of defendants' actions. Consequently, his complaint in its present form against all defendants will be dismissed.

Notwithstanding dismissal, it appears that the deficiencies outlined above may be remedied by amendment. Blanchard may be able to allege actual injury as a result of the defendants' conduct. Thus, although the complaint will be dismissed, Blanchard will be granted twenty-one days to file an amended complaint.

If Plaintiff opts to amend, his amended complaint should be short and plain, *see* Fed. R. Civ. P. 8(a), and also aver what each named defendant did that led to the deprivation of his constitutional or other federal rights. *Iqbal, supra*, 129 S.Ct. at 1948-49. Plaintiff is also advised that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Blanchard's failure to file an appropriate amended complaint will result in the dismissal of this action.

> B. *Failure to state a Claim against the Federal Bureau of Prisons.*

To state a viable § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 580-81 (3d Cir. 2003). The same is true for a *Bivens* action. A *Bivens* cause of action cannot be brought against a federal agency. *See FDIC v. Meyer*, 510 U.S. 471, 486, 114 S.Ct. 996, 1005, 127 L.Ed.2d 308 (1974). Therefore, the Federal Bureau of

Prisons cannot be sued in a *Bivens* action, and Blanchard's claims against this defendant will be dismissed with prejudice.

We will issue an appropriate order.

                                                             /s/William W. Caldwell
                                                             William W. Caldwell
                                                             United States District Judge

Date: October 14, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD L. BLANCHARD,
    Plaintiff

vs.

FEDERAL BUREAU of PRISONS, *et al.*,
    Defendants

CIVIL NO. 1:CV-10-1606

(Judge Caldwell)

*O R D E R*

AND NOW, this 14th day of October, 2010, upon review of the Complaint under 28 U.S.C. § 1915(e)(2)(B), it is ordered that:

   1. Blanchard's motions to proceed in forma pauperis (Docs. 2 and 9) are granted.

   2. The claims against the Federal Bureau of Prisons; Tanner; Sones; Reed; Ross; Walls; Hoffa; S. Dodrill; H. Watts; and Yocum are dismissed under to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

   3. Within twenty one (21) days of the date of this Order, Blanchard may file an amended complaint complying with the requirements of the accompanying memorandum.

   4. The Clerk of Court is directed to send Blanchard two (2) copies of this court's form civil-rights complaint which Plaintiff shall use in preparing his amended complaint.

   5. Failure to comply with this Order will result in the dismissal of this action.

                             /s/William W. Caldwell
                             William W. Caldwell
                             United States District Judge